1  Matthew R. Bainer, Esq. (S.B. #220972)
   **SCOTT COLE & ASSOCIATES, APC**
2  1970 Broadway, Ninth Floor
   Oakland, California 94612
3  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
4  email: mbainer@scalaw.com
   Web: www.scalaw.com
5

6  Attorneys for Representative Plaintiff
   And the Plaintiff Class
7

8                    **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11  IAN DUBEE, individually, and on          )   **Case No. CV-10-01937 WHA**
    behalf of all others similarly situated, )
12                                           )   **CLASS ACTION**
                     Plaintiffs,             )
13                                           )   **REPRESENTATIVE PLAINTIFF'S**
    vs.                                      )   **OPPOSITION TO DEFENDANTS' MOTION**
14                                           )   **TO TRANSFER THE ACTION PURSUANT**
    P.F. CHANG'S CHINA BISTRO,               )   **TO THE FIRST-TO-FILE RULE**
15  INC., P.F. CHANG'S III, LLC,             )
    and DOES 1 through 100, inclusive,       )
16                                           )
                     Defendants.             )   **Date:**      **September 2, 2010**
17                                           )   **Time:**      **8:00 a.m.**
                                             )   **Dept:**      **Ctrm. 9, 19th Floor**
18                                           )   **Judge:**     **Hon. William H. Alsup**

19

20  **I.       INTRODUCTION**

21       Defendants P.F. Chang's China Bistro, Inc. and P.F. Chang's III, LLC's Motion to

22  Transfer the Action Pursuant to the First-to-File Rule ("Motion") seeks an Order transferring this

23  action to the Central District of California. The Motion is based on Defendants' claim that a

24  related case, Rene H. Vasquez v. P.F. Chang's China Bistro, Inc. (Case No. CV09-01408 DSF)

25  ("Vasquez case"), was first-filed and the cases meet all three elements required for transfer under

26  the first-to-file rule. However, given the parties, procedural posture and nature of the claims in

27  the Vasquez case, Defendants' Motion should be denied.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    The Vasquez case was filed as a putative class action on October 30, 2008, alleging

2    various wage, meal and rest break violations, and a claim under the California Private Attorneys

3    General Act ("PAGA"). After removal to federal court, Plaintiff Vasquez did not timely file a

4    motion for class certification, but subsequently moved for remand to state court. *Vasquez Dckt.*

5    *Nos.* 18, 44[1]. In its Order on the motion for remand, the Court made clear that "the class

6    claims...will not be tried as a class action, which leaves only Plaintiff's individual claims, and the

7    PAGA claim." *Ex.* A, p. 2-3. Accordingly, the Vasquez and Dubee cases do not involve

8    similarity of the parties or of the issues, nor would judicial economy or efficiency be served by

9    transfer of the Dubee case.

10

11   **II.    ARGUMENT**

12       **A.    THE ELEMENTS UNDER THE FIRST-TO-FILE RULE ARE NOT MET**

13   Defendants argue that the first-to-file rule should be invoked here because the three

14   elements (i.e. chronology, similarity of parties and similarity of issues) are all met. However, as

15   explained below, while the Vasquez case was filed before the Dubee case, the parties, procedural

16   history and case posture, as well as the nature of the claims, are not similar, rendering the first-

17   to-file rule inapplicable here.

18   First, the parties in the two cases are not the same or similar. The focus of the inquiry is

19   on the parties *at this time*, regardless of prior overlap between them. *See*, *e.g.*, *Gardner v. GC*

20   *Services, LP*, 10-CV-997-IEG(CAB), 2010 WL 2721271 (S.D. Cal. July 6, 2010). Although the

21   Vasquez complaint initially alleged a similar putative class, that similarity has ended because she

22   elected not to file a motion for class certification. Plaintiff Vasquez is now proceeding as an

23   individual plaintiff on her wage, meal and rest break claims and as an "aggrieved employee" on

24   her PAGA claim. Judge Fischer explicitly stated that the only remaining claims are "Plaintiff's

25   individual claims, and the PAGA claim." *Ex.* A, p. 2-3.

26

27

28       [1]    Vasquez Dckt. No. 44, Civil Minutes-General, Order Granting in Part and Denying in Part Motion
to Remand, is attached hereto as Exhibit "A" for the Court's convenience.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    By contrast, Plaintiff Dubee is proceeding as a representative plaintiff on behalf of

2    himself and a class of all California employees similarly situated. Given Plaintiff Vasquez's

3    election not to proceed on a class action basis, and contrary to Defendants' assertion, Plaintiff

4    Vasquez is a member of the putative class in the Dubee case, not vice versa. *Motion* at 5:9-10.

5    By the same token, because no effort has been made to certify a class in the Vasquez case, there

6    is no overlap of class members between the two cases. Moreover, given Plaintiff Vasquez's

7    apparent intention to individually pursue her claims, one can only assume that she would opt-out

8    of any class certification in the present action. Given the circumstances of both the Vasquez and

9    Dubee cases, the first-to-file rule requiring the same or similar parties is not met.

10    Second, the claims alleged in the Vasquez case are not the same or similar to those in the

11    Dubee case. Plaintiff Vasquez's individual claims regarding wage, meal and rest break violations

12    will require proof of her personal work experience and whether her evidence is sufficient to

13    establish a breach of Defendants' legal duties to her as an individual employee. If Plaintiff

14    Vasquez prevails, she will be limited to her individual damages.

15    By contrast, the Dubee case will focus on evidence of Defendants' policies and practices

16    and their application to all non-exempt restaurant employees in California. Litigation of the

17    Dubee case will require the specialized discovery and trial plans necessary for class actions,

18    including a methodology for determining damages on a class-wide basis.

19    Of equal importance is Plaintiff Vasquez's claim as an "aggrieved employee" under the

20    PAGA. The PAGA claim will likely be the focus of the Vasquez litigation, and will involve a

21    specific inquiry into whether Defendants' conduct warrants civil penalties. Plaintiff Vasquez's

22    PAGA claim will require specialized discovery and evidentiary proof at trial in order to establish

23    Defendants' liability for civil penalties. The Dubee case alleges no PAGA claim, and will

24    therefore address none of the same issues during discovery, or at trial.

25    Accordingly, the requirement that the cases in question have the same or similar claims is

26    not met here making transfer under the first-to-file rule inappropriate.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Representative Plaintiff's Opposition to Defendants' Motion to Transfer the Action Pursuant to the First-to-File Rule

1

2

     **B.     JUDICIAL EFFICIENCY AND ECONOMY ARE NOT SERVED BY TRANSFER OF THE DUBEE CASE**

3

4

5

6

7

8

9

10

     Defendants admit that the interest of the first-to-file rule is judicial efficiency and economy, which will not be better served by transferring the Dubee case to the Central District. *Motion* at 2:6. Procedurally, the cases are at two very different stages. The Vasquez case is no longer positioned for class certification, and the orders regarding class-wide discovery and any other class-related issues are moot as a result. The focus of the parties' discovery, settlement discussions, and trial preparation will be on Plaintiff Vasquez's individual claims. Given that the case was filed in 2008, and involves only individual claims, it is likely that settlement or trial will occur within the next few months.

11

12

13

14

15

16

17

18

19

     By contrast, the parties in the Dubee case have yet to begin formal discovery, and the initial focus of the litigation will be on class certification. Once class certification has been resolved, the focus of the case will shift to discovery on the merits, settlement negotiations, and trial preparation for a California-wide class of employees. Discovery and class certification motions typically take up to twelve months to complete, and the case is not set for trial until September 19, 2011. Moreover, given the differences between the evidence needed to prove claims and damages in each case, the labor and resources expended in each will not be duplicative, and the outcome of the Vasquez case will have little, if any, bearing on the outcome of the Dubee case.

20

21

22

     Because of the differences in the procedural history and posture of the two cases, judicial economy and efficiency will not be better served by transfer of the Dubee case, and Defendants' Motion should therefore be denied.

23

24

     **C.     THE CONTROLLING CASE LAW SUPPORTS DENIAL OF TRANSFER**

25

26

27

28

     The relevant analogous decisions support denial of transfer where, as here, the moving party fails to demonstrate that all three elements of the first-to-file rule have been met. Courts routinely deny a motion to transfer even where both cases do initially involve the same putative class and the same defendant, but subsequent amendments changed the nature of the proposed

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Representative Plaintiff's Opposition to Defendants' Motion to Transfer the Action Pursuant to the First-to-File Rule

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  class, although continued against the same defendant. *See, e.g., Gardner,* 2010 WL 2721271, at

2  *5; *Ross v. U.S. Nat'l Ass'n,* 542 F.Supp.2d 1014, 1020 (2008). In fact, in the *Gardner* case, even

3  though the cases in question involved claims arising from the same alleged wrongful conduct,

4  the court still denied transfer because the causes of action and available remedies were different.

5  *Gardner,* 2010 WL 2721271, at *5. In the instant case, the original overlap between the putative

6  classes is an even less viable factor, because the Vasquez case is now proceeding as an

7  individual lawsuit, and not as a class action at all. The fact that the two cases at issue here also

8  vary so significantly as to the claims being pursued only solidifies the impropriety of transfer.

9  Moreover, even in cases where the court has found that all three elements of the first-to-

10  file rule have been met, transfer has nonetheless been denied where the cases were in

11  significantly different procedural postures. *See*, *e.g., Adoma v. The University of Phoenix, Inc*. S-

12  10-0059 LKK/GGH, 2010 WL 1797263 (E.D. Cal. May 3, 2010). Here, not only have

13  Defendants failed to meet two of the necessary elements (i.e. the same or similar parties and

14  issues), but the Vasquez case is imminently closer to either settlement or trial, while the Dubee

15  case has not even begun pre-certification discovery, is months away from certification or other

16  dispositive motions, and more than a year away from trial.

17  In contrast to these directly analogous decisions, Defendants rely heavily on *Wright v.*

18  *RBC Capital Markets Corp* in support of their argument that the failure of class certification in

19  the Vasquez case should not be a determining factor in this Court's analysis of their request for

20  transfer. *Motion* at 4:18-5:4. However, the facts of the *Wright* case demonstrate that it is

21  inapplicable here. Notably, the first-filed case in *Wright* had already proceeded through class

22  certification and summary judgment motions (class certification was denied, summary judgment

23  granted in part and denied in part). *Both* of the cases at issue in Wright were actively litigated as

24  class actions, on behalf of the same class of persons, and with substantially similar claims.

25  Moreover, the moving party (Defendant RBC Capital Markets Corp. or "RBC") was not

26  requesting transfer of the second-filed case. Rather, RBC specifically requested *dismissal* of the

27  plaintiff's first cause of action (alleging various pay violations) because that claim was

28  adjudicated in the motion for summary judgment in the first-filed case.

1    Here, by contrast, Plaintiff Vasquez is demonstrably not pursuing her case as a class

2    action lawsuit at all, and therefore there has been no consideration of class certification, nor a

3    determination of any of Plaintiff Vasquez's claims. Moreover, given the present, individual

4    nature of Plaintiff Vasquez's claims, any subsequent determination of the merits will have no

5    bearing on Plaintiff Dubee's class-wide claims. Accordingly, Defendants' reliance on *Wright* is

6    misplaced and inapposite here.

7

8    **III.    CONCLUSION**

9    In sum, Defendants have not established the elements required for transfer under the first-

10   to-file rule. Defendants' characterization of the Vasquez and Dubee cases as substantially similar

11   is inapposite given the parties, claims and procedural posture of the cases. Defendants' Motion

12   should therefore be denied.

13

14   Dated: August 12, 2010                      **SCOTT COLE & ASSOCIATES, APC**

15

16

17                                  By:    /s/ Matthew R. Bainer
                                           Matthew R. Bainer, Esq.
18                                         Attorneys for the Representative Plaintiff
                                           and the Plaintiff Class

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-1408 DSF (RZx) | Date | 3/8/10 |
| Title | Rene H. Vasquez, et al. v. P.F. Chang's China Bistro, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING IN PART and DENYING IN PART Motion to Remand (Docket No. 34)

Plaintiff has filed a motion to remand for lack of federal subject matter jurisdiction. Plaintiff's motion is largely based on Defendant's alleged failure to meet the requirements of Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090 (9th Cir. 1990). This argument is moot in light of Hertz Corp. v. Friend, ___ U.S. ___, 2010 WL 605601 (Feb. 23, 2010). The declaration of Claudette Gelb, (Docket No. 10), provides evidence that Defendant's "nerve center," within the meaning of Hertz, is located in Arizona. (See Gelb Decl. ¶ 2.) Plaintiff's objections to the Gelb declaration are overruled as both untimely and without merit.

The Court will sever and remand the California Private Attorneys General Act ("PAGA")[1] claim. Plaintiff argues that because he raises his PAGA claim for the benefit of the State of California, he should be considered an "alter ego" of the state for the purposes of this suit. Because it stands to receive a large portion of the recovery on Plaintiff's PAGA claim, the Court finds that the State of California is a "real party in interest" to the PAGA claim. See United States, ex rel. Eisenstein v. City of New York, 129 S.Ct. 2230, 2235 (2009) (United States real party in interest to False Claims Act claim even when it failed to intervene in qui tam action). And even though the State is not technically a party to the case, being a "real party in interest" is sufficient connection to the case that it should be considered as if it were a plaintiff for diversity purposes. See

---

[1] Cal. Labor Code §§ 2698 et seq.

**CIVIL MINUTES - GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093-95 (9th Cir. 2004);[2] New Mexico, ex rel., Nat'l Education Ass'n of New Mexico v. Austin Capital Mgmt., Ltd., 2009 WL 4263336 (D. N.M. 2009). States are not citizens of any state and cannot sue or be sued in diversity. See American Vantage Cos., Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1097 (9th Cir. 2002). Therefore, there is no original jurisdiction over the PAGA claim under 28 U.S.C. § 1332(a).

It is not completely clear whether Class Action Fairness Act ("CAFA") jurisdiction confers original jurisdiction over the class claim or original jurisdiction over the entire action in which a class claim is pleaded. While the language of 28 U.S.C. § 1332(d) suggests that CAFA jurisdiction extends to the entire "civil action," § 1332(d) also seems to assume that the entire action will be "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure . . . ," 28 U.S.C. § 1332(d)(1)(B). This is clearly not the case in actions with a mix of class and non-class claims. This confusion can be resolved by observing that 28 U.S.C. § 1331 also uses the term "civil action," stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Although § 1331 refers to original jurisdiction over the "civil action," this has been long understood to confer original jurisdiction on the federal claim with the state law claims falling under pendent – i.e., supplemental – jurisdiction, if applicable. See United Mine Workers v. Gibbs, 383 U.S. 715, 722-27 (1966); see also 28 U.S.C. § 1367 (discussing "claims" over which original or supplemental jurisdiction exists). This strongly suggests that despite the use of "civil action" in § 1332(d), original jurisdiction under CAFA should only apply to the class claim, just as original jurisdiction only applies to the federal claim under § 1331. Any non-class claims must satisfy the supplemental jurisdiction requirements of 28 U.S.C. § 1367 in order to be brought in federal court.

At this point in the litigation there is ample reason to decline supplemental jurisdiction over the PAGA claim. The class claims that formed the basis of CAFA jurisdiction will not be tried as a class action, (see Docket No. 30, 32, 33), which leaves

---

[2] Allstate is somewhat different from this case because there the absent real party in interest was required to be joined under Federal Rule of Civil Procedure 17(a). See id. at 1095. In Allstate, after joinder, diversity would be destroyed directly because a non-diverse party would be an actual party to the lawsuit. Here, the PAGA statutory scheme, similar to other qui tam schemes, does not require the sovereign real party in interest to be joined in the action. See Cal. Labor Code § 2699.3. However, the Court believes that the reasoning of Allstate and the cases cited therein applies equally to a case such as this where the absent real party in interest does not actually eventually become a party to the action. See Allstate, 358 F.3d at 1093-94.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

only Plaintiff's individual claims and the PAGA claim. In this situation, the PAGA claim either "substantially predominates over the claim or claims over which the district court has original jurisdiction," 28 U.S.C. § 1367(c)(2),[3] or "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), depending on whether CAFA jurisdiction is thought to terminate on denial of class certification or not. See Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805 (7th Cir. 2010) (finding jurisdiction is retained); Ronat v. Martha Stewart Living Omnimedia, Inc., 2008 WL 4963214, at *6 (S.D. Ill. Nov. 12, 2008) (collecting district court cases ruling both ways).[4] In exercising its discretion to retain, dismiss, or remand supplemental state law claims, a court should exercise its discretion considering "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 357 (1988). While economy and convenience may somewhat favor retaining the PAGA claim given its substantive overlap with Plaintiff's individual claims, considerations of comity strongly favor remand. The presence of the State of California as a real party in interest seeking a state law recovery strongly favors litigation of the PAGA claim in state court. Further, the PAGA claim is of a type explicitly exempted from CAFA's "mass action" provisions as a claim "asserted on behalf of the general public . . . pursuant to a State statute specifically authorizing such action." See 28 U.S.C. § 1332(d)(11)(B)(ii). This suggests that Congress did not intend for such actions to be litigated in federal courts under CAFA jurisdiction.

The motion to remand is GRANTED IN PART and DENIED IN PART. Plaintiff's PAGA claim is severed and remanded to the Superior Court of California, County of Los Angeles.

---

[3] The Court finds that the PAGA claims substantially predominate over any individual claims brought by Plaintiff given the much broader scope and potential for recovery presented by the PAGA claims.

[4] The Court need not decide this issue because class certification has not been denied – it is only procedurally barred by Plaintiff's failure to file his certification motion in time. Plaintiff presumably could seek certification in the state court on remand, which means that this case is still a "class action" for all relevant purposes. See also Cunningham, 592 F.3d at 807 (expressing concern that plaintiff could seek class certification under state rules even after denial of certification under federal rules).