IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IAN DUBEE, individually and on behalf
of all others similarly situated,

    Plaintiff,

  v.

P.F. CHANG'S CHINA BISTRO, INC.,
P.F. CHANG'S III, LLC, and DOES I
through 100, inclusive,

    Defendants.
                            /

No. C 10-01937 WHA

**ORDER DENYING MOTION
TO TRANSFER AND
VACATING HEARING**

## INTRODUCTION

In this putative wage-and-hour class action involving a popular American-Chinese restaurant chain, defendant P.F. Chang's China Bistro, Inc. moves to transfer this action to the United States District Court for the Central District of California pursuant to the "first-to-file rule" due to an earlier-filed action pending there, *Vasquez v. P.F. Chang's China Bistro, Inc.*, No. CV 09-01408 DSF. Plaintiff protests that the first-to-file rule does not apply since the actions are not sufficiently similar. For the reasons stated herein, defendant's motion is **DENIED**.

## STATEMENT

In March 2010, plaintiff Ian Dubee filed a putative class action against defendant P.F. Chang's China Bistro, Inc. for failing to provide meal and rest periods, pay wages, and accurate itemized wage statements, as well as for engaging in unfair business practices (Compl. ¶¶ 29-60).

1  Plaintiff, a food server, alleged that defendant exercised these company practices state-wide in
2  violation of California labor and employment laws and business practice codes.  He filed this suit
3  on behalf of every current and former non-exempt California employee of defendant from March
4  2006 to the present.  The action was removed to federal court in May 2010 under diversity
5  jurisdiction.

6  The earlier-filed case, *Vasquez*, was originally brought in October 2008 against defendant
7  P.F. Chang's China Bistro, Inc. in Los Angeles Superior Court.  Like the instant action, *Vasquez*
8  was initially a putative class action that alleged that defendant failed to properly deduct
9  equipment and costs from employee paychecks, provide meal and rest periods, provide accurate
10  itemized wage statements, and pay all wages due to discharged or quitting employees, as well as
11  engaged in unfair business practices (Kim Decl. Exh. C ¶¶ 11–46).  The action was removed to
12  the United States District Court for the Central District of California in February 2009.
13  Thereafter, discovery ensued and the plaintiff was given until November 2009 to file a motion for
14  class certification.  The plaintiff in *Vazquez*, however, never filed a motion for class certification.
15  Thus, as it stands, *Vazquez* is proceeding solely as an individual action (*see Vasquez* Dkt. Nos. 30,
16  32, 33; Plaintiff Exh. A at 2).

**ANALYSIS**

18  The first-to-file rule is an underdeveloped but generally recognized legal doctrine
19  regarding duplicative lawsuits.  Its sole purpose is to promote judicial efficiency.  "While no
20  precise rule has evolved, the general principle is to avoid duplicative litigation."  *Colorado River*
21  *Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The Ninth Circuit has held
22  that "[t]he principles of comity allow a district court to decline jurisdiction over an action where a
23  complaint involving the same parties and issues has already been filed in another district."
24  *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000).  As such, under the first-to-file rule, a
25  district court may — at its discretion — transfer, stay, or dismiss an action when a similar action
26  has been filed in another district court.  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622,
27  625–26 (9th Cir. 1991).

When deciding whether to apply the first-to-file rule, the court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Ibid.* The two actions need not be identical; it is enough that they are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

In the instant action, the first factor of chronology is met. The *Vasquez* action was filed over a year before the instant action. The second factor, however, is not met. While P.F. Chang's China Bistro is the defendant in both actions, the plaintiffs are neither the same nor "substantially similar." As stated, while the *Vasquez* action was originally filed as a putative class action, it is now proceeding solely as an individual action. In the instant case, plaintiff Dubee is proceeding as a representative plaintiff on behalf of himself and all other California P.F. Chang's employees that are similarly situated. While this class — if certified — could encompass the plaintiff in *Vasquez*, the claims asserted by the plaintiff in *Vasquez* do not (and will not) encompass plaintiff and the putative class in the instant action. For this reason, the two actions are not substantially similar with respect to the parties involved.

Finally, the issues that must be addressed in the two cases are not substantially similar. While it is true that both actions allege similar wage-and-hour violations by defendant, the *Vasquez* action no longer encompasses claims of a state-wide business practice and policy that affects an entire class of similarly situated employees. While it was initially a possibility, the entire issue of class certification was neither briefed nor litigated in the *Vasquez* action. This defeats any argument that the instant action is substantially similar to the earlier-filed action.

Perhaps anticipating that the class-certification issue would be a roadblock to its motion, defendant argues that the first-to-file rule should apply even if class certification has been denied in the first-filed dispute. To support this argument, defendant cites *Wright v. RBC Capital Markets Corp.*, 2010 WL 2599010, *6 (E.D. Cal. 2010) (stating that "it [is] not relevant to the inquiry that the [first-to-file] Minnesota court ultimately denied certification of the California class"). The decision in *Wright*, however, is distinguishable. In *Wright*, the earlier-filed action was actively litigated as a class action — a motion for class certification was fully briefed and denied. Here, the plaintiff in *Vasquez* did not even attempt to pursue class certification.

3

1  Additionally, other district courts have upheld the tenet that substantial similarity between parties
2  (in the context of the first-to-file rule) should be based upon the *current* parties rather than those
3  initially set forth in the complaint. Looking at the current plaintiffs in both the instant action and
4  *Vasquez*, there is no overlap.

5  In any event, the first-to-file rule is one grounded in judicial discretion. It is not a "rigid
6  or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates
7  of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th
8  Cir. 1992). The Supreme Court has noted that "[w]ise judicial administration, giving regard to
9  conservation of judicial resources and comprehensive disposition of litigation, does not counsel
10 rigid mechanical solutions" to the problems of duplicative litigation, and the relevant factors are
11 equitable in nature. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). In
12 this action, the interests of equity would not be better served by transferring it to our sister courts
13 in the Central District. Consideration for the dictates of sound judicial administration allow for
14 the undersigned judge to maintain jurisdiction over this dispute.

### CONCLUSION

For the reasons set forth above, defendant's motion to transfer this action under the first-to-file rule is **DENIED**. The hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4